UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS ALONSO LOPEZ,<br><br>                    Petitioner,<br><br>        v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY, ICE[1]<br><br>                    Respondent. | No.  1:26-cv-03594-DAD-CKD (HC)<br><br><br>ORDER GRANTING FIRST AMENDED<br>PETITION FOR WRIT OF HABEAS<br>CORPUS AND DENYING PETITIONER'S<br>PENDING MOTION AS MOOT<br><br>(Doc. Nos. 8, 9) |

On May 11, 2026, petitioner, proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  On June 8, 2026, petitioner filed a first amended petition for writ of habeas corpus.  (Doc. No. 8.)  On that same day, petitioner filed a motion for temporary restraining order seeking his immediate release.  (Doc. No. 9.)  On June 10, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this

---

[1]  In petitioner's first amended petition for writ of habeas corpus, he names the warden in the caption as an additional respondent.  The warden is the proper respondent as compared to the Department of Homeland Security, ICE.  *See Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024).  The court construes petitioner's addition of the warden within the caption of his first amended petition for writ of habeas corpus as seeking to add the warden as a respondent.  That request will be granted, and the Clerk of Court will be directed to add the warden of the Golden State Annex Detention Facility as a respondent in this case.

1

case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 10.)  In addition, the court directed that if respondent opposed a court ruling on the underlying petition based on the current briefing before it, respondent was to indicate in the opposition and provide substantive reasons in support of that position.  (*Id.*)

On June 12, 2026, respondent filed an opposition to the motion for temporary restraining order.  (Doc. No. 11.)  In that opposition, respondent argued in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b) (Doc. No. 11 at 1–2), an argument which the undersigned has rejected on several prior occasions.  *See, e.g., Wasef v Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondent also argued that petitioner was not entitled to a pre-deprivation hearing under the Immigration and Nationality Act or its implementing regulations.  (Doc. No. 11 at 2.)  Respondent stated it did not oppose this court ruling on the underlying habeas corpus petition based on the current briefing and submitted a combined response to the pending motion for temporary restraining order and petition for writ of habeas corpus.  (*Id.*)  Accordingly, the court will resolve the petition on the current briefing before the court.[2]

Based upon a review of the briefing and the evidence offered in support thereof, the court finds as follows.  Petitioner is a native and citizen of Nicaragua.  (Doc. No. 8 at 2.)  Petitioner first entered the United States on a work visa over 25 years ago while he worked aboard cruise ships, and most recently re-entered the United States in 2021.  (Doc. No. 8 at 3.)  On March 4, 2026, he was stopped in his vehicle by law enforcement authorities in Florida due to expired vehicle tags.  (*Id.* at 4.)  Since March 11, 2026, he has been in ICE custody and is currently detained within the Eastern District of California.  He has not received a bond hearing before an immigration judge.

Respondent argues that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), an argument which the court has already rejected as noted above.  Accordingly, the court

---

[2]  The court recognizes that petitioner filed what appears to be a duplicate of his first amended petition for writ of *habeas corpus* on June 15, 2026.  (Doc. No. 12.)  Given this apparent duplicate, the court will rule on petitioner's first amended petition for writ of *habeas corpus*.  (Doc. No. 8.)

2

finds that petitioner has a liberty interest to be released based on his individual circumstances and concludes that petitioner's continued detention violates due process.

For the reasons above,

1. Petitioner's first amended petition for writ of *habeas corpus* (Doc. No. 8) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner, Denis Alonso Lopez, A-File No. 233-976-807, from respondent's custody on conditions, if any, he was subject to prior to his immigration detention on or about March 11, 2026;

   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for a temporary restraining order (Doc. No. 9) is hereby DENIED as having been rendered moot in light of this order granting his petition on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility;

4. The Clerk shall add as a respondent to the caption of this case the warden of the Golden State Annex Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: __**June 15, 2026**__                    _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3